UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENDRY DANILO HUINIL VAIL, | Case No. 5:26-cv-01843-SSC |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

On April 15, 2026, Petitioner Jendry Danilo Huinil Vail filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241.  (ECF 1.)  Petitioner is a noncitizen[1] who is in immigration detention at the Adelanto ICE Processing Center in Adelanto, California.  (*Id.* at 3, 14.)

The petition alleges the following facts.  Petitioner entered the United States in 2017 and was not encountered by immigration authorities at that time.  (*Id.* at 13.)  Petitioner was detained by immigration authorities on February 7, 2026.  (*Id.* at 14.)  Petitioner requested a bond hearing before the immigration court, which was denied on April 8, 2026.  (*Id.* at 14.)

Based on the facts alleged, Petitioner appears to be a member of the bond-eligible class certified in this district defined as:

---

[1] Petitioner is a citizen of Guatemala.  (ECF 1 at 3.)

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1095 (C.D. Cal. 2025).

The petition seeks release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days.  (ECF 1 at 19.)

In the two-paragraph answer, Respondents included the following: "Respondents are not presenting an opposition argument to a bond hearing at this time; however, to the extent a bond hearing is ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days."[2]  (ECF 8 at 2.)

In this posture, there is no need for the Court to decide anew or revisit whether Petitioner is entitled to a bond hearing on grounds or terms other than those stated and provided in *Maldonado Bautista* cases.  *Cf. Aguilar v. Janecka*, No. 5:26-cv-00602-SSS-BFM, 2026 WL 579157, at *1 (C.D. Cal. Mar 2., 2026) (granting petition and ordering § 1226(a) bond hearing where "Respondents concede[d] that Petitioner

---

[2] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified).  Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).  In our adversarial system, the judge does not act as inquisitor, conducting the "legal investigation himself." *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991).

is . . . entitled to a bond hearing under the reasoning of *Maldonado Bautista*").

Consistent with the form of relief that other detainees have been receiving under *Maldonado Bautista* when enforcing the judgment of that case through individual habeas petitions, the government should bear the burden at a discretionary detention hearing before an immigration judge to prove by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See, e.g., Munoz v. Johnson*, No. 2:26-cv-02171-SSS-MAA, 2026 WL 905513, at *1 (C.D. Cal. Apr. 1, 2026); *Benites v. Janecka*, No. 5:26-cv-00222-SSS-BFM, 2026 WL 579160, at *1 n.1 (C.D. Cal. Mar. 2, 2026); *Martinez v. Rios*, No. 5:26-cv-00679-SSS-BFM, 2026 WL 576010, at *1 n.1 (C.D. Cal. Mar. 2, 2026).

## ORDER

**IT IS ORDERED** that Judgment shall be entered (1) granting the petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than **May 1, 2026**, he is provided with an individualized bond hearing under 8 U.S.C. § 1226(a) at which the government must bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public, and the immigration judge must exercise discretion to make an individualized determination whether Petitioner should be detained pending removal proceedings.

DATED: April 24, 2026

_____
HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

3